U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 NOV -7 PM 12: 25

CLERK
BY____PM____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| CATHERINE M. REYNOLDS,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 5:11-cv-81 |
| ) | |
| ONEWEST BANK, FSB,   ) | |
| ) | |
| Defendant.   ) | |

**OPINION AND ORDER CONDITIONALLY GRANTING IN PART
PLAINTIFF'S MOTION FOR DISMISSAL AND ORDERING
SUPPLEMENTAL BRIEFING ON THE ISSUE OF
ATTORNEY'S FEES AND COSTS**
(Doc. 40)

This matter comes before the court on the motion by Plaintiff Catherine Reynolds to dismiss her complaint without prejudice under Federal Rule of Civil Procedure 41. (Doc. 40.) Defendant OneWest Bank, FSB, opposes the motion and asks the court either to refuse to dismiss the action or to require Plaintiff to pay fees and costs incurred by Defendant. The parties waived oral argument. Plaintiff is represented by Lisa Chalidze, Esq., and Defendant is represented by Kristina Roomet, Esq. and John T. Sartore, Esq.

I.      **Factual and Procedural Background.**

This case involves a mortgage executed by Plaintiff in July 2006 in favor of IndyMac Bank, FSB, and later transferred to Defendant. Plaintiff fell behind in her payments and ultimately declared bankruptcy. Plaintiff alleges that Defendant wrongfully failed to convert a temporary loan modification into a permanent modification. She further alleges that she has continued to tender monthly payments pursuant to the modification agreement but Defendant has rejected those payments as insufficient under the original loan.

In February or March 2010, Plaintiff, who was self-represented at the time, served a summons and complaint on Defendant in an action in Windsor Superior Court (the "First Action"). The complaint alleged violations of the federal Fair Debt Collection Practices Act and the Vermont Consumer Fraud Act. In March 2010, Defendant removed the First Action to federal court (2:10-cv-0070-wks). Defendant then moved to dismiss the First Action. Thereafter, in May 2010, Plaintiff and Defendant stipulated to dismissal of the First Action without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii).

On February 3, 2011, Plaintiff filed a new complaint against Defendant in Windsor Superior Court (the "Second Action"), but Plaintiff did not serve the Second Action for several weeks. On February 8, 2011, before Defendant had been served with the Second Action, Defendant filed a foreclosure complaint against Plaintiff in Windsor Superior Court ("the Foreclosure Action"). In March 2011, Defendant removed the Second Action to federal court, which is now this case. Plaintiff objected to removal and sought to have the court abstain from hearing this case and remand the Second Action to state court.

In August 2011, the state court denied Plaintiff's motion to dismiss the Foreclosure Action. Thereafter, Plaintiff filed a counterclaim in the Foreclosure Action which raises similar claims to the six claims Plaintiff has raised in the Second Action.[1]

At a June 27, 2011 hearing in the Second Action, the court denied Plaintiff's motions for remand and abstention. Plaintiff then advised the court that she sought to voluntarily dismiss the Second Action. However, Plaintiff withdrew her voluntary dismissal when Defendant argued that such dismissal should be treated as an adjudication on the merits. *See* Fed. R. Civ. P. 41(a)(1)(B) ("[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."). The court advised the parties that the Second Action would remain in federal court and they should proceed accordingly.

---

[1] Plaintiff's Amended Complaint in the Second Action alleges: (1) fraud; (2) breach of contract; (3) breach of the contractual duty of good faith and fair dealing; (4) defamation; (5) punitive damages; and (6) declaratory relief.

On September 7, 2011, Plaintiff moved to dismiss the Second Action without prejudice. Plaintiff argues that "the most expedient and efficient vehicle for resolving all issues between the parties" is through the pending Foreclosure Action. (Doc. 40-1 at 4.) Plaintiff further argues that "[i]t has been held that where the rationale for dismissal is plaintiff's preference for adjudicating the matter in a state court as that court was the only court with jurisdiction to adjudicate the controversy in its entirety, dismissal [is] proper." (Doc. 40-1 at 4) (citation omitted).

Defendant opposes dismissal, contending that it has answered and served discovery, prepared for ENE, and drafted a motion for summary judgment. Defendant further argues that Plaintiff's alleged pattern of filing claims against Defendant only to dismiss them as they approach a disposition is vexatious and should not be rewarded.

## II. Conclusions of Law and Analysis.

There are three issues before the court. First, the court must decide whether to grant Plaintiff's request for voluntary dismissal under Rule 41(a)(2). Second, the court must consider whether to impose conditions or fees under Rule 41(a)(2). Third, the court must determine whether to impose fees under Rule 41(d).

### A.  Voluntary Dismissal.

Generally, a district court may exercise its discretion to permit a plaintiff to dismiss an action pursuant to Rule 41(a)(2) "if the defendant will not be prejudiced thereby." *Correspondent Services Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 126 (2d Cir. 2003). "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citations omitted).

The Second Circuit has identified five non-exhaustive factors that a court should consider in determining whether a defendant will suffer prejudice: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in

preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 109-10 (2d Cir. 2001) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

The first factor is diligence. Defendant argues that Plaintiff has not been diligent because she first sought voluntary dismissal at a hearing on June 27, 2011, and waited to file this motion until September 2011. Defendant further asserts that "Plaintiff has repeatedly failed to comply with Federal and Local Rules of Civil Procedure, and has failed to prosecute the case." (Doc. 41 at 3.) In particular, Defendant points out that Plaintiff has failed respond to Defendant's discovery despite repeated requests to do so and has failed to prepare for and complete the ENE process. Plaintiff does not address diligence in her motion.

"When analyzing whether a party was diligent or not in bringing a motion, courts have focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims." *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 CV 3939 (CM), 2008 WL 4127549, at *5 (S.D.N.Y. Sept. 2, 2008). Here, the court cannot find that Plaintiff induced Defendant to continue with discovery without any intention of pursuing her claims. On the other hand, Plaintiff has not established that she has acted with diligence in either pursuing dismissal or in pursuing her claims. The court thus finds this *Zagano* factor is neutral.

The second factor is any undue vexatiousness by Plaintiff. Defendant contends that Plaintiff, on four separate occasions, filed claims against Defendant based upon the same facts and that Plaintiff's pursuit of these claims has been vexatious. *See* Doc. 41 at 3 ("Plaintiff's counterclaims in state court apparently constitute the fourth time that she has brought claims against Defendant based on the same underlying facts. She should not be given the ability to repeatedly make claims against Defendant and then dismiss them as soon as or just before the merits are before the Court."). Plaintiff, in turn, blames Defendant for the procedural posture of the Second Action, arguing that Defendant, over her objection, "forced the written discovery to take place in a federal forum." (Doc. 40-1 at 5.)

4

In cases where "the plaintiff could have pursued the action with more vigor, [but] there is no evidence to suggest that the case was brought to harass the defendant," the second *Zagano* factor weighs in favor of granting dismissal. *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002). Here, although Plaintiff likely could have handled the litigation more efficiently, there is no evidence of "ill motive." *Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, No. 90 Civ. 1476 (MJL), 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) ("absent concrete evidence of any ill-motive on Plaintiff's part, the Court declines to label Plaintiff's conduct 'vexatious.'"). Accordingly, this factor favors dismissal.

The third factor is the extent to which the suit progressed. Defendant contends that it "is nearly ready to file a dispositive motion . . . [and] has expended substantial effort and expense on the case." (Doc. 4 at 6.) Generally, however, this factor weighs against dismissal only if the case has progressed to an advanced stage, such as the eve of trial, *see Zagano*, 900 F.2d at 14-15, or when discovery is complete and partial dispositive motions have been adjudicated, *see Jewelers Vigilance*, 1997 WL 582823, at *3. "Dismissal without prejudice has been permitted in cases that have been pending much longer than seven months." *Shah v. RBC Capital Mkts. Corp.*, No. 10 Civ. 7672 (PGG), 2011 WL 2638139, at *2 (S.D.N.Y. July 5, 2011); *See also, Catanzano*, 277 F.3d at 110 (finding abuse of discretion in refusing to grant motion to dismiss where "although the litigation has gone on for years, this claim has thus far not been litigated and only halting discovery has taken place"). In this case, discovery is not complete and the case has not progressed to the point where dismissal would be inappropriate. As a result, this factor also weighs in favor of dismissal.

The fourth factor is the duplicative expense of relitigation. Defendant contends that the cost of relitigating these claims in state court could "very well be duplicative." (Doc. 41 at 6.) However, Plaintiff points out that the discovery conducted by Defendant in this court could be "set forth [in state court] . . . with little or no duplication," thus minimizing the cost of relitigating. (Doc. 40-1 at 5.) Where discovery can be used in a subsequent action, dismissal is generally granted. *See Banco Central de Paraguay v.*

5

*Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649 (JFK), 2006 WL 3456521, at *7 (S.D.N.Y. Nov. 30, 2006) (granting motion for voluntary dismissal where "work that defendants have done in preparing for trial can easily be used in a subsequent, similar action"); *see also Hinfin,* 206 F.R.D. at 356 (finding no prejudice where defendant "can use some of the material discovered and the legal work already done, if the case is renewed in the future").

The fifth factor is the adequacy of the moving party's explanation for the grounds for dismissal. Plaintiff states that she would prefer to litigate both her claims and the foreclosure counterclaims in the same forum. Defendant contends this explanation is inadequate because this court is "perfectly capable of addressing [Plaintiff's] claims." (Doc. 41 at 6.) In weighing this factor, courts consider whether a plaintiff "offers a reasonable explanation for why it wishes to have its remaining claims voluntarily dismissed without prejudice." *Banco Central,* 2006 WL 3456521, at *7. Courts may consider both stated and unstated explanations. For example, a court may consider whether a plaintiff is actually moving to dismiss to "avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice." *Galasso v. Eisman, Zucker, Klein & Ruttenberg,* 310 F. Supp. 2d 569, 572, 574 (S.D.N.Y. 2004) (rejecting motion for voluntary dismissal in part due to conclusion that plaintiff hoped to obtain "a 'no harm-no foul' dismissal . . . [and] a second bite of the apple in the State Supreme Court.").

Here, although Plaintiff's explanation is facially reasonable, there is some suggestion of forum shopping as Plaintiff has twice asserted separate lawsuits against Defendant only to dismiss them when they have been removed to federal court. *See Iragorri v. United Tech. Corp.,* 274 F.3d 65, 72 (2d Cir. 2001) (en banc) (noting that a plaintiff's choice of forum is entitled to less deference when motivated by forum shopping); *Banga v. First USA, NA,* No. CIV S-09-2268 FCD GGH PS, 2010 WL 727749, at *2 (E.D. Cal. Mar. 2, 2010) (plaintiff cannot voluntarily dismiss a defendant without prejudice in order to bring the action in another forum where the sole reason for dismissal is forum shopping).

At this juncture, the court finds Plaintiff's asserted ground for dismissal is not patently unreasonable. The potential that dismissal is also motivated by Plaintiff's forum shopping does not alter that conclusion. Any prejudice caused by forum shopping may be addressed through the imposition of conditions to dismissal rather than by forcing Plaintiff to proceed with a lawsuit she wishes to dismiss.

On balance, the *Zagano* factors support dismissal of this action. Under Rule 41(a), the court must next consider the "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

### B.     Conditions of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2).

The first consideration is whether dismissal should be with or without prejudice. Pursuant to Rule 41(a)(2), dismissal is generally without prejudice, but the rule authorizes a court to convert a motion for dismissal without prejudice to one with prejudice. *See Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988). Before doing so, the court must grant the moving party an opportunity to withdraw the motion. Plaintiff moves to dismiss without prejudice, and Defendant does not request dismissal with prejudice. Thus, the court finds that dismissal with prejudice is not warranted.

The next issue is the imposition of other conditions, such as attorney's fees and costs. Defendant requests the imposition of attorney's fees of $42,130 and costs of $514.16 as a condition of dismissal pursuant to the court's discretion under Rule 41(a)(2). Plaintiff contends Defendant should not be granted fees or costs because any discovery conducted can be applied in state court. In addition, Plaintiff argues that Defendant's expenses are in effect self-inflicted because absent Defendant's removal of the Second Action it would have remained pending in state court, Plaintiff would have litigated in that forum, and Plaintiff would not now be moving to dismiss.

"[U]sually the district judge at least should require that the plaintiff pay the costs of the litigation and that practice has become commonplace." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 526 (3d ed. 2008). While fee awards "are often made when a plaintiff dismisses a suit without prejudice," *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985), this practice "does not amount to a bright-line

7

rule." *Global One Commc'ns World Holding B.V. v. Gaul*, No. 01-cv-254 (GLS/DRH), 2008 WL 2783429, at *3 (N.D.N.Y. July 16, 2008). Any fee award has limitations including that these "court ordered costs cannot include those expenses for items that will be useful in another action or that were incurred by the defendant unnecessarily." Wright & Miller § 2366, at 527.

Because dismissal of the Second Action will be granted without prejudice, Plaintiff should arguably be obligated to pay some or all of Defendant's fees and costs. However, on the present record, the court cannot find that all of Defendant's fees and costs were incurred in the Second Action. The court also cannot determine which fees and costs are likely to obviate the need for duplication of those expenses in the Foreclosure Action. Defendant, as the party seeking this award, has the obligation to provide support for its request. *See Universal Marine Med. Supply, Inc. v. Lovecchio*, No. 98-CV-3495 (ILG), 1999 WL 441680, at *7 (E.D.N.Y. May 7, 1999) (ordering supplemental briefing on the issue of attorney's fees after voluntary dismissal and noting that the court cannot award fees until defendant has submitted evidence of costs); *see also Hinfin*, 206 F.R.D. at 357 (inviting supplemental briefing on the issue of attorney's fees and noting that the court could not award attorney's fees without billing sheets or affidavits from defendant). Plaintiff, in turn, must have an opportunity to challenge those fees and costs and demonstrate why some or all of them should not be awarded.

For the foregoing reasons, the court hereby ORDERS supplemental briefing by the parties on the issue of attorney's fees and costs under Fed. R. Civ. P. 41(a)(2). Defendant's response to this request is due within twenty days of this Order. Plaintiff's response is due twenty days thereafter. However, in the event Plaintiff submits a notice to the court within ten days of this Order that dismissal of the action should be *with* prejudice, the court will deny Defendant's request for attorney's fees and costs and no further briefing shall be required. See *Colombrito*, 764 F.2d at 134 (when dismissal is granted with prejudice under Rule 41(a)(2), "attorney's fees have almost never been awarded.").

### C. Costs under Fed. R. Civ. P. 41(d).

Defendant also raises the issue of attorney's fees and costs under Rule 41(d), which states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
>> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>>
>> (2) may stay the proceedings until the plaintiff has complied.

Although Rule 41(d) by its terms permits only an award of costs, "courts have generally allowed the recovery of attorney's fees as part of the [Rule 41(d)] costs." *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998) (citing cases); *New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomm.*, Nos. 06-CV-3529, 07-CV-2474, 2007 WL 2908110, at *16-17 (E.D.N.Y. Oct. 5, 2007) ("Although Rule 41(d) does not explicitly provide that attorneys' fees may be awarded, the weight of authority in this Circuit supports such an award.").

An award under Rule 41(d) is within the court's discretion. *See Zucker v. Katz*, 708 F. Supp. 525, 539 (S.D.N.Y. 1989). Even though a defendant need not show that a plaintiff acted in bad faith in order to recover, a "district court may refuse to impose [Rule 41(d) costs] on the plaintiff if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs." Wright & Miller § 2375 (citations omitted); *see also Loubier*, 178 F.R.D. at 22 ("There is no requirement in Rule 41(d) or the relevant case law that a defendant must show bad faith on the part of the plaintiff in order to recover costs. On the other hand, there is authority for plaintiffs' position that we may take into consideration plaintiffs' motive in dismissing the prior action.") (citations omitted).

Here, Defendant has not demonstrated that the First and Second Actions "are based on or include[e] the same claim." Fed. R. Civ. P. 41(d). Further, Defendant has

not submitted evidence regarding its expenditures in the First Action. The court therefore DENIES Defendant's request for fees and costs under Rule 41(d).

### III. Conclusion.

The court conditionally GRANTS Plaintiff's motion to dismiss (Doc. 40) and notifies the parties that it intends to dismiss the Second Action without prejudice. The court ORDERS supplemental briefing on the issue of attorney's fees and costs under Rule 41(a)(2) and DENIES Defendant's request for fees under Rule 41(d).
SO ORDERED.

Dated at Rutland, in the District of Vermont, this 7th day of November, 2011.

Christina Reiss, Chief Judge
United States District Court